UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**AARON M. PITTMAN**  **CIVIL ACTION**

**VERSUS**  **NO. 17-00541**

**KBRWYLE TECHNOLOGY SOLUTIONS, LLC**  **SECTION "B"(1)**

## ORDER AND REASONS

Before the Court is Defendant Kbrwyle Technology Solutions' ("Defendant") "Motion for Summary Judgment" (Rec. Doc. 16), Plaintiff Aaron Pittman's ("Plaintiff") Response (Rec. Doc. 25), and Defendant's Reply (Rec. Doc. 34). For the reasons discussed below,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. 16) is **DENIED**.

## I. FACTS AND PROCEDURAL HISTORY

This case arises from an alleged incident that occurred on February 12, 2016, aboard the USNS PFC Dewayne T. Williams ("*The Williams*"). Rec. Doc. 16-3. At the time of the alleged incident, Plaintiff was working aboard *The Williams* as an ordinance mechanic. *Id*. Plaintiff sustained injury to his left shoulder while moving tank batteries between decks. Plaintiff further alleges that he sustained injury to his right shoulder during the same February 12, 2016, incident. Rec. Doc. 25-1. Plaintiff further claims that Defendant acted negligently in relation to such incident.

Plaintiff's initial complaint to Defendant and his healthcare providers was with regard to pain in his left shoulder. Rec. Docs. 16-3 and 25-1. Immediately after the incident, Plaintiff informed his supervisor of the incident via email correspondence ("the email"). Rec. Doc. 16-1 at 2. Plaintiff made no mention of his right shoulder in that email. See "Exhibit B" Rec. Doc. 16-2, at 35. Shortly after sending said email, Plaintiff was brought ashore to Saipan where he received treatment in the emergency room at the Commonwealth Health Center. Rec. Doc. 16-2, at 36-39. Similar to the email, Plaintiff informed ER providers on February 12th that he felt "shooting pain" from his left shoulder down his arm. Id. He underwent an x-ray on his left arm, which revealed no fractures or dislocations, was diagnosed with a left shoulder strain and given a sling. Id. Pittman returned to work on February 15, 2016, and after preparing an incident report, he returned to his regular duties. Rec. Docs. 16-3 and 25-1.

In June of 2016, Pittman reported "right shoulder pain for past two (2) weeks" to psychiatrist, Dr. Norma Ada. Rec. Doc. 25-4. Dr. Ada's notes provide that Plaintiff related the right shoulder pain to the February 12, 2016, incident, where he was pulling a heavy load using a pulley system and the load suddenly jerked. *Id*. Eventually, the pain in Plaintiff's right shoulder became so severe he was unable to continue his regular duties aboard The Williams. On October 4, 2016, Dr. Elliot Nipper

performed an arthroscopic labral repair surgery on Plaintiff's right shoulder. Rec. Doc. 16-3. On December 7, 2016, Dr. Nipper released Plaintiff back to work with no restrictions. Rec. Doc. 25-1 at 10.

Defendant contends that Plaintiff lacks requisite medical testimony to meet his burden of establishing the causal link between his right shoulder injury and the February 12, 2016 incident. Rec. Doc. 16.

Plaintiff argues that he has met his burden of proof for causation under the Jones Act. Rec. Doc. 25.

## II. LAW AND ANALYSIS

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When considering a motion for summary judgment, the court should view all facts and evidence in the light most favorable to the non-moving party. United Fire & Cas. Co. v. Hixson Bros. Inc., 453 F.3d 283, 285 (5th Cir. 2006). Mere conclusory allegations are insufficient to defeat summary judgment. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996).

Under 46 U.S.C.A. § 688 (the "Jones Act"), a seaman's employer is liable for damages if the employer's negligence caused the seaman's injury. See *Gautreaux v. Scurlock Marine, Inc.,* 107 F.3d

331, 335 (5th Cir.1997). A seaman may prevail in a Jones Act action if he shows that "employer negligence played any part, even the slightest, in producing the injury ... for which damages are sought." *Id.* at 335. In a Jones Act case the burden of the plaintiff to prove causation is "very light." *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 548 (5th Cir. 1987). The jury is entitled to make permissible inferences from unexplained events. *Id*.

Here, while there is a four (4) month gap in the medical testimony between the date of the alleged incident and Plaintiff's report of injury to his right shoulder, that gap is not sufficient to dismiss Plaintiff's claims under the Jones' Act's burden for causation. Under the Jones Act it is sufficient to establish a jury question by simply showing some negligence on the part of the employer coupled by direct or circumstantial evidence to the injury or death of an employee. *Gaymon v. Quinn Menhaden Fisheries of Tex., Inc.*, 118 So. 2d 42, 46 (Fla. 1st DCA 1960).

New Orleans, Louisiana, this 16th day of January, 2018.

_____

SENIOR UNITED STATES DISTRICT JUDGE